REV. M. L. YOUNG, Plaintiff in Error, v. LEVADA WILLIS, Defendant in Error.

MARC LUKE YOUNG, Plaintiff in Error, v. DEPARTMENT OF PUBLIC WELFARE of State of Tennessee by Vincent L. Barrasso, Next Friend to Marc DeWayne Willis, Defendant in Error. —436 S.W.(2d) 445.

Western Section. February 28, 1968.

Thomas A. Buford, Memphis, for plaintiff in error.

William E. Friedman, Memphis, for defendant in error.

BEJACH, J. This cause involves an appeal from the Juvenile Court of Memphis, Shelby County, Tennessee, incorrectly designated in parts of the record and referred to in briefs as "The Juvenile Court of Shelby County, Tennessee". The appeal is obviously intended to be from the decree adjudging paternity of appellant and awarding child support against him for a child born out of wedlock to Levada Willis, also referred to in this record as Levada Willis Mack. There is a dispute as to whether appellant should be referred to as Rev. M. L. Young or as Marc Luke Young, and, also as to whether the record before us involves one lawsuit or two separate causes. At the outset we will resolve this last dispute by holding that it is one lawsuit, as indeed it appears to be from the record as certified to us by the Clerk of the Juvenile Court of Memphis, Shelby County, Tennessee, which includes the original proceeding by Levada Williams against the Rev. M. L. Young under Docket No. 41621, and also under the same docket number proceedings brought by the Department of Welfare of the State of Tennessee against Marc Luke Young. The appeal, in our opinion, falls within the provisions of section 36-235 T.C.A., and the cause, having been heard without the intervention of a jury, must be regulated by the provisions of section 27-303 T.C.A. It is, therefore, an appeal and not an appeal in the nature of a writ of error, and the parties should have designated themselves as appellant and appellee instead of plaintiff in error and defendant in error. This Court, has, however, on numerous occasions, treated appeals in the nature of a writ of error as simple appeals, and we will do so in this case. No bill of

exceptions was filed, but all of the facts hereinafter stated appear in the technical record.

Before disposing of appellant's assignments of error, we must first dispose of a motion made by appellee.

The Department of Welfare of the State of Tennessee has filed a motion to dismiss the appeal of Marc Luke Young on the ground that his appeal is only from the denial of the petition to rehear filed in this cause, and is not from the decree of paternity. Section 36-235 T.C.A., which regulates appeals in bastardy proceedings, provides:

"An appeal from any final order or judgement of any court having jurisdiction of the proceedings as provided for in this chapter may be perfected to the Court of Appeals within 30 days after the entry of said order or judgment, and the same shall be reviewable de novo as are other equity appeals. No appeal, however, shall operate as a stay of execution unless the defendant shall give the security provided in sec. 36-235."

The decree of paternity was entered March 23, 1967, as appears at page P. of the record. The order submitting the petition to rehear was entered on the Minutes of the Court April 21, 1967. It recites:

"In this cause it appearing to the Court that the defendant, Marc Luke Young, has filed a petition to rehear within the time allowed by law.

And it appearing to the Court that the matter should be submitted pending a final determination.

It is, therefore, ordered and considered that the petition to rehear be and the same is hereby considered submitted to the court this 21 day of April, 1967."

■ It will be observed that the order submitting the petition to rehear itself contemplates that the action of the court in disposing of same shall be a final determination. We therefore hold that the order overruling appellant's petition to rehear was the final order in this cause, within the meaning of section 36-235 T.C.A., and we overrule the motion to dismiss the appeal. In any event, Rule 12 of the Rules of this Court provides, "Errors not assigned and supported by brief according to this rule will be treated as waived, *but the court, at its option, may notice an error overlooked by counsel.*" (Emphasis added.)

While this rule does not exactly cover the present situation, we think that the situation here involved justifies analagous procedure; and, in line with our practice of treating, as in this case, appeals in the nature of a writ of error as simple appeals, we will take such action in the instant case.

Having thus disposed of the motion to dismiss the appeal, we will now dispose of the assignments of error. Appellant has filed in this Court four assignments of error which are as follows:

## "ASSIGNMENTS OF ERROR

### I.

The Court erred in entertaining a petition filed in an ended cause.

### II.

The Court erred in failing to set aside its decree upon application seasonably made upon the ground that the statute of limitations barred defendant in error's cause of action.

### III.

The Court erred in rendering a decree in an action where it no longer had jurisdiction.

### IV.

The Court erred in entering a decree of paternity and support brought by the Department of Public Welfare. This was error because there was no finding that the minor child was likely to or had become a public charge, and the Department of Public Welfare is privy to the original plaintiff."

This cause was initiated May 21, 1962 before Judge Elizabeth McCain by a petition under T.C.A. sec. 36-222 et seq., filed by Levada Willis, age 24, against Rev. M. L. Young, age 59. The cause was given the Docket Number 41621. On August 23, 1962, Judge McCain, on her own motion, entered the following order:

"IN THE MUNICIPAL JUVENILE COURT OF THE CITY OF MEMPHIS STATE OF TENNESSEE

In the Matter of:
Rev. M. L. Young #41621
Male, Negro—age 59

### ORDER

This cause came on to be heard in the Municipal Juvenile Court of the City of Memphis, State of Tennessee on August 21, 1962 having been taken under advisement on August, 1962.

It appearing to the Court that aforesaid cause was originally before the Court on July 26, 1962 on the signed and sworn petition of Levada Willis, female, Negro,

age 24, seeking to establish the paternity of Marc De-Wayne Willis, born January 21, 1962, naming as the natural father, Reverend M. L. Young, Negro, age 59: a proceeding pursuant to Tennessee Code Annotated 26-222.

It further appearing that on July 26, 1962 case was continued until August 16, 1962, and that on aforesaid date, case was taken under advisement, Attorney John Walt, representing defendant and Attorney James Watson (of the Legal Aid Office) representing petitioner:

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT ON COURT'S OWN MOTION CASE OF LEVADA WILLIS VS REV. M. L. YOUNG BEFORE THE COURT ON THE ISSUE OF PATERNITY OF MARC DEWAYNE WILLIS BORN JANUARY 21, 1962 BE REMANDED TO CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE FOR JURY HEARING FOR THE ISSUE OF PATERNITY TO BE DECIDED.

IT IS FURTHER ORDERED THAT DEFENDANT HAVING POSTED STATUTORY BOND OF $500.00 BE RELEASED.

Elizabeth McCain (Signed)
Elizabeth McCain, Judge''

This 23rd day of August 1962.

As appears in the record, attached to appellant's petition to rehear, there is a certified copy of the order of the Circuit Court of Shelby County, Tennessee, dismissing this cause on September 29, 1965 for want of prosecution. The order of dismissal is in the words and figures as follows:

"STATE OF TENNESSEE

Pleas, at a term of the Circuit Court of Shelby County, Division ONE State aforesaid, begun and held at the Court House in the City of Memphis on Monday, SEPTEMBER 1965, the same being the third Monday in SEPTEMBER 1965, present and presiding, Hon. W. E. Quick, Judge, etc., also present, BEN C. WESSELS, JR., Clerk of said Court and WILLIAM N. MORRIS, Sheriff of Shelby County, when the following proceedings were had, to wit:

LEVADA WILLIS
VS. #91014 R.C.
REV. M. L. YOUNG

ORDER OF DISMISSAL

This cause came on this day to be heard whereupon same was dismissed for want of prosecution, and the costs of this cause are adjudged against the plaintiff, Levada Willis, for which let execution issue.

A TRUE COPY ATTEST
BEN C. WESSELS, JR., Clerk
Va. Hundhausen D.C. (Sig.)
 April 21, 1967

Entered September 29, 1965
Minute Book 115 Page 350
Division 1"

After dismissal of this cause in the Circuit Court, the cause was reopened in the Juvenile Cout of the City of Memphis by a summons requiring Marc Luke Young to appear before the next Juvenile Court on the 7th day of November, 1966 at 2:30 O'Clock P.M. at a hearing in the

matter of establishing paternity of Marc DeWayne Willis, 1-21-62, child of Levada Willis. This summons, like the original summons issued May 21, 1962 was given the docket number 41621. Still later, on the 7th day of November 1966, a petition against Marc Luke Young, under the same docket number, 41621, was filed by the Department of Public Welfare, through Vincent L. Barrasso to establish paternity of Marc DeWayne Willis, 1-21-62, and another summons was issued directing Marc Luke Young to appear before the Memphis Juvenile Court on November 7, 1966. On the same day, November 7, 1966, the cause was continued to December 13, 1966 at 3:00 P.M.; and on that date it was again continued until January 27, 1967 at 3:00 P.M. Later, presumably on January 26, 1967, the cause was still under the docket number 41621, but this time under the title, "Department of Public Welfare, State of Tennessee by Vincent L. Barrasso N/F to Marc DeWayne Willis, 1-21-62, Minor Child of Levada Willis vs. Marc Luke Young" was continued to March 23, 1967 at 3:00 P.M., with the notation, "At which time the case is to be very definitely disposed of." On March 23, 1967, Judge Turner of Memphis Juvenile Court, entered the following decree:

"IN THE JUVENILE COURT OF THE CITY OF MEMPHIS, TENNESSEE

| | |
|---|---|
| DEPARTMENT OF PUBLIC WELFARE, STATE OF TENNESSEE by Vincent L. Barrasso, Next Friend to MARC DEWAYNE WILLIS, Petitioner Vs. Marc Luke Young, Defendant | No. 41621 R.D. |

## DECREE OF PATERNITY

This cause this day came on to be heard before the Honorable Kenneth A. Turner, Judge, upon the Petition of the Department of Public Welfare of the State of Tennessee filed herein against the Defendant, Marc Luke Young, for determination of the paternity of Marc De-Wayne Willis, minor child of Levada Willis Mack, for legitimation of said child and for support of said child: upon the testimony of the said Levada Willis Mack and of the Defendant, adduced in open court; and upon the entire record in the cause.

From all of which the Court is of the Opinion and Finds and Adjudges that the Defendant is the natural father of Marc DeWayne Willis.

It is, therefore, ORDERED, ADJUDGED and DE-CREED:

That the Defendant, Marc Luke Young, is the natural father of Marc DeWayne Willis, born January 21, 1962, to Levada Willis Mack.

That said child is the legitimate child of the Defendant, Marc Luke Young, and that said child has all of the rights of a natural child of the said Marc Luke Young, the same as if born to him in marriage.

That the rights of inheritance of all interested persons are hereby adjudged and decreed in accordance with the provisions of applicable statutes of the State of Tennessee.

That the Defendant pay unto Levada Willis Mack, the mother of said minor child, for the support of said child the sum of Ten Dollars ($10.00) per week, which sum

shall be paid at the office of the Clerk of this Court on each and every Friday, beginning March 24, 1967.

That the Defendant pay unto Petitioner for the use and benefit of its counsel of record herein, William E. Friedman, the sum of Two Hundred Fifty Dollars ($250.00), which sum shall be paid at the office of said attorney, Suite 2424, 100 North Main Building, Memphis, Tennessee, for which let execution issue.

ALL OF WHICH IS SO FOUND, ORDERED, AD- JUDGED AND DECREED, this the 23rd day of March, 1967, to all of which the Defendant excepts.

Kenneth Turner (Sign.)
_____
JUDGE

Approved:
Wm. E. Friedman
_____
Attorney for Petitioner

Approved as to form only:
John D. Walt
_____
Attorney for Defendant''

On April 21, 1967, defendant Marc Luke Young filed a sworn petition to rehear, which sets up that heretofore on March 23, 1967 a decree of paternity was entered against petitioner, but that the cause had been previously heard by the Honorable Elizabeth McCain, then Judge of the Juvenile Court of Memphis, who on August 23, 1962, transferred the cause to the Circuit Court of Shelby County, Tennessee for a jury hearing, where same, after it had been set for trial several times, was dismissed by order of court. A certified copy of the Circuit Court's order of dismissal was attached as Exhibit A. The peti-

tion to rehear prays that the petition to rehear be granted, and that at the hearing of this cause the decree of paternity be set aside and the case dismissed.

To the petition to rehear the Department of Public Welfare of the State of Tennessee filed a plea that the petition to rehear was filed more than ten days after the decree of April 21, 1967, and that it was not within the period of ten days allowed by Rule 9 of the Rules of the Court for filing such petition. On April 21, 1967, the Court took the petition to rehear under advisement, the order submitting it adjudging that it had been filed within the time allowed by law. On the 18th day of May, however, the Court entered an order denying the petition to rehear, which order contains, as stated above, the recital that defendant excepts and prays an appeal to the next term of the Court of Appeals, which appeal is granted and defendant allowed thirty days within which to perfect his appeal upon the execution of proper bond or making of oath in lieu of bond.

■ Counsel for appellee contends that the original proceeding initiated by the filing of a petition by Levada Willis, and that started by the Tennessee Department of Public Welfare and supplemented by petition by Marc DeWayne Willis, b/n/f Vincent L. Barrasso, are two separate causes of action, and, consequently, that the dismissal of this cause in the Circuit Court of Shelby County, does not affect subsequent proceedings on the petition of the State Department of Public Welfare and that of Vincent L. Barrasso, next friend of Marc DeWayne Willis. We cannot agree to this contention. As stated above, the Clerk of the Memphis Juvenile Court certifies all proceedings on one docket number; and, in our opinion, even if the State Department of Public

Welfare might, under certain circumstances, be entitled to file a new and additional petition in the matter, it would have to be a separate and distinct cause of action, the requirements for which do not appear to have been complied with in the instant case. Among the requirements with which the State Department of Public Welfare, in the instant case, fails to comply, is the following:

"(2) Proceedings to establish the paternity of the child and to compel the father to furnish support and education for the child may be instituted during the pregnancy of the mother or after the birth of the child, but shall not be brought after the lapse of more than two years from the birth of the child unless paternity has been acknowledged by the father in writing or by the furnishing of support. Provided, however, that the department of public welfare or any person shall be empowered to bring a suit in behalf of any child under the age of eighteen (18) who is, or is liable to become a public charge." 36-224 T.C.A. Paragraph (2)

In the instant case, there is neither charge by the State Department of Public Welfare nor finding by the court that Marc DeWayne Willis, the child involved, is a public charge or that he is liable to become such. In our opinion, even if the proceedings by and on behalf of the Tennessee Department of Public Welfare could be treated as separate from the original proceedings instituted by Levada Willis, it would have been necessary for the court, in order to enter a valid decree, to have found as a fact that Marc DeWayne Willis was a public charge or was about to become such while still under the age of eighteen years.

It is suggested in the brief of counsel for appellant that the question of whether and how the provisions of

section 28-106 T.C.A. which authorizes a new suit within one year after any suit has been dismissed on the grounds other than the merits of same, should be construed with the provisions of sections 36-224 and 36-225, T.C.A. is one of first impression in this State. We think proceedings authorized by section 36-224 T.C.A. are controlled by the provisions of section 28-106 T.C.A., and we hold that the Tennessee Department of Public Welfare and Vincent L. Barrasso, as next friend for Marc DeWayne Willis, are in privity with Levada Willis, who instituted the original proceedings in this cause May 21, 1962. The proceedings initiated by the State Department of Public Welfare, supplemented by the petition of Vincent L. Barrasso, were not started until more than one year after the dismissal of this cause in the Circuit Court of Shelby County, and we therefore, hold that defendant's plea of the Statute of Limitations should have been sustained.

For the reasons stated, all four of appellant's assignments of error will be sustained, and this cause of action dismissed at the cost of the Tennessee Department of Public Welfare.

██ Although no assignment of error is filed with reference thereto, to our amazement we find in the decree of paternity entered by the Memphis Juvenile Court March 23, 1967, a provision, "That said child is the legitimate child of the defendant Marc Luke Young, and that said child has all the rights of a natural child of the said Marc Luke Young, the same as born to him in marriage." It is true section 36-234 T.C.A. provides, "(1) When under the provisions of this chapter the relationship of father and child is established between the defendant and the child named in the petition, and an order of paternity and support has been entered, the child shall

be a legitimate child of the defendant for the purpose of inheriting from the defendant'', but, in our opinion, this provision is clearly unconstitutional. In any event, even if we be mistaken as to the constitutionality of this provision, certainly it would have been necessary, before same could be applied to the defendant, that he have some notice of the intention to apply it to him before it could be included in the decree. That the record in the instant case discloses no intimation to Marc Luke Young that either Levada Willis or the Tennessee Department of Public Welfare would undertake to legitimatize Marc DeWayne Willis is obvious, and so that provision of the decree was void on its face.

Avery, P.J.(W.S), and Carney, J., concur.