Donna Kaye **REYNOLDS**, Plaintiff-Appellee,

v.

James **RICHARDSON**, Defendant-Appellant.

Court of Appeals of Tennessee, Middle Section.

Dec. 3, 1971.

Certiorari Denied by Supreme Court June 5, 1972.

Thurman, Thompson, Haywood & Whitaker, Lewisburg, for defendant-appellant.

Moore, Henry, Henry, Lewis & Cain, Pulaski, for plaintiff-appellee.

## OPINION

SHRIVER, Presiding Judge.

This is a paternity suit which was transferred from the Juvenile Court of Giles County, Tennessee, to the Circuit Court of that County for trial on the issue of paternity of the minor child, Marshall Brock Reynolds, who was born on the 6th day of October, 1965 to the petitioner, Donna Kaye Reynolds, and who alleged that defendant, James Richardson, is the father of said child. From an adverse decision in the Circuit Court, petitioner appealed. This Court reversed and remanded for a new trial and, on remand, defendant was adjudged to be the father of the child. From said latter decree defendant has appealed and has assigned errors.

By agreement of the parties, on remand, the jury was waived and the cause heard before Judge Joe M. Ingram on oral and documentary evidence. Judge Ingram filed his Finding of Fact and Judgment in which he found the defendant, James Richardson, to be the father of said minor child.

As above stated, this cause was before this Court on a previous occasion on appeal from the Circuit Court of Giles County, wherein Judge W. A. Harwell entered a decree sustaining a so-called Plea in Abatement dismissing petitioner's suit on the ground that the Statute of Limitations

in Section 36–224, T.C.A., barred said suit. Said Section provides:

"(2) Proceedings to establish the paternity of the child and to compel the father to furnish support and education for the child may be instituted during the pregnancy of the mother or after the birth of the child, but shall not be brought after the lapse of more than two (2) years from the birth of the child, unless paternity has been acknowledged by the father in writing or by the furnishing of support. . . ."

Judge Harwell, in his Memorandum Opinion, stated:

"After an examination of the various definitions of 'support', I conclude that 'support' as used in the Paternity statute means to maintain with a reasonable degree of regularity or supply the needs of the child including food, medicine, housing, clothes, etc., including gifts."

The Memorandum Opinion proceeds to hold that, under the proof, the voluntary contributions made by defendant, as testified to by complainant, did not constitute support of the child to the extent contemplated by the statute so as to toll the Statute of Limitations. More than two years had elapsed from the birth of the child to the filing of the suit and, while there is evidence that defendant orally acknowledged that he was the father, there was no written acknowledgment of paternity by him.

In our Opinion, filed June 26, 1970, in Donna Kaye Reynolds v. James Richardson, certiorari denied by the Supreme Court December 21, 1970, and reported in South Western Reporter Advance Sheet of March 2, 1971, 462 S.W.2d 233, we reversed and remanded the cause for a new trial, the Opinion concluding as follows:

"We think it proper to take notice of the fact that defendant's father paid petitioner $500.00 to induce a dismissal of the original warrant in which defendant was charged with paternity of the child of petitioner and with the duty of supporting it. Sec. 32–223, T.C.A. fixes liability of the father for support and education of a child born out of wedlock. This statutory duty inures to the benefit of the child and we do not conceive that the dismissal by the mother of the original warrant could be considered as foreclosing the right to later assert the father's duty to furnish necessary support.

For the foregoing reasons, the decree of the Circuit Court is reversed and the cause is remanded to that Court for a trial of the issues made by the petition and the pleas of the defendant, including such other and further pleadings as may be filed pursuant to the orders of the Circuit Court within his jurisdiction and discretion.

Reversed and remanded."

At the conclusion of the trial before Judge Ingram, he filed his Finding of Fact and Judgment, as follows:

"This cause came on to be heard on the 17th day of March, 1971 before the Honorable Joe M. Ingram, Judge, Part I, upon the original petition, the answer of the defendant, upon witnesses heard in open court and upon the entire record, from all of which the Court finds as follows:

That the defendant, James Richardson, made various payments for the support of the minor child, Marshall Brock Reynolds, and that these payments were made to the petitioner, Donna Kaye Reynolds, over a period of time up to and including January of 1969, and that all of these payments were for the use and benefit of the said minor child.

The Court finds that the petitioner and the defendant dated for a considerable length of time and that after some three months of dating the petitioner and defendant began having sexual intercourse and did so on a regular basis. The Court further finds that petitioner spent many weekends with the defendant

at his apartment in Lewisburg, Tennessee. The Court further finds and is persuaded to believe that the petitioner dated no one else during the length of time that she was going with the defendant and especially during the time the child was conceived.

The Court further finds that the defendant acknowledged paternity to the petitioner's mother in the petitioner's presence.

The Court further finds that the defendant, James Richardson, is the father of the child, Marshall Brock Reynolds, and is, therefore, obligated to support said child.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the defendant, James Richardson, is the father of the minor child, Marshall Brock Reynolds, and that this matter be remanded to the Juvenile Court of Giles County Tennessee, to determine the amount of support for the minor child and the amount of petitioner's attorneys' fees.

To the action of the Court the defendant, James Richardson, excepted and prays an appeal therefrom. The Court is pleased to allow said appeal and the defendant is allowed thirty (30) days from the 17th of March, 1971 in which to perfect his appeal and ninety (90) days from the 17th of March, 1971 within which to file his bill of exceptions.

/s/ Joe M. Ingram
Joe M. Ingram, Judge, Part I"

## ASSIGNMENTS OF ERROR

There are eight assignments of error, the first three of which are as follows:

"1.

The Trial Court erred in failing to hold that petitioner-appellee, Donna Kaye Reynolds, was bound by her release executed by her and both of her parents on the date of November 26, 1965. (Exhibit A, Bill of Exceptions p. 94).

2.

The Trial Court erred in failing to hold that petitioner-appellee, Donna Kaye Reynolds, is bound by the settlement which she made with defendant's father on the date of November 26, 1965.

3.

The Trial Court erred in not holding that the petitioner-appellee is estopped to maintain this suit by accepting $500.00 from the father of defendant, in full settlement of her alleged claim against defendant appellant, and signing a release."

The release mentioned in these assignments reads as follows:

"For a good and valid and legal consideration, receipt of which is acknowledged, We, Benjamin Franklin Reynolds, and Alma Deane Reynolds, the father and mother of (Dona) Donna Kaye Reynolds, and the said (Dona) Donna Kaye Reynolds, do hereby remise, release, and forever discharge James Paul Richardson of and from all manner of actions, causes of actions, suits, debts, dues, accounts, bonds, covenants, contracts, agreements, judgments, claims, and demands whatsoever, in law or equity which against the said James Paul Richardson, we, or either of us, ever had, or now have, for or by reason of any cause, matter, or thing whatsoever, from the beginning of the world to the date of these presents including any right to bring or maintain any bastardy proceedings, or any action at law for the alleged seduction of the said (Dona) Donna Kaye Reynolds, or any other matter arising by reason of the birth of a child to the said (Dona) Donna Kaye Reynolds, on or about the date of October 6, 1965. And we, and each of us covenant and agree that neither of us will bring or maintain or attempt to maintain any pro-

ceeding against the said James Paul Richardson, by reason of any matter or thing which has or may have occurred before this date.

In Witness Whereof, we hereunto subscribe our names on this the 26th day of November, 1965.

/s/ Donna Kaye Reynolds
/s/ Alma Deane Reynolds
/s/ Benjamin Franklin Reynolds"

It must first be pointed out that said release was not before this Court in the former appeal. That appeal was from a ruling of the Trial Court upon a "Plea in Abatement" which relied upon res judicata and statute of limitations. The narrative bill of exceptions in the former appeal contained only brief testimony of the petitioner, pertinent parts of which were as follows:

"Donna Kaye Reynolds testified in substance as follows:

That she was graduated from high school in May of 1964. She began dating the defendant, James Richardson, in 1964. She had intercourse with him in late December of 1964. She testified that her baby was born on October 6, 1965, and that she filed a bastardy proceeding on October 30, 1965. (During the proceedings counsel for Donna Kaye Reynolds stated to the Court that the warrants had never been served.)

She further testified that she and her mother and father consulted with and was represented by the Honorable David Wade, Attorney of Pulaski, Tennessee, and that she and her mother and father had a conference with the Honorable Thurman Thompson and the defendant's father in Mr. Thompson's office in Lewisburg, Tennessee.

That they called and consulted with Mr. Wade following the defendant's fa-

ther's offer to pay $500.00 to dismiss the bastardy proceedings to which they agreed and subsequently on November 27, 1965, the bastardy case in Giles County was dismissed and the costs were paid by her or on her behalf."

It appears that the petitioner, Donna Kaye Reynolds, was under the age of twenty-one when the foregoing release was executed, however, there is no evidence of any disaffirmance by her after reaching majority and prior to the bringing of the instant suit. On the date of the last trial, petitioner was twenty-five years of age.

The foregoing instrument, signed by petitioner and her parents, must be accorded some legal effect; or it must be ignored as against public policy and void.

Appellee relies upon the statement in the former opinion of this Court, quoted supra, to avoid the legal effect of the release. Said former opinion dealing with the payment of $500.00 to induce the dismissal of the original warrant stated:

"This statutory duty inures to the benefit of the child and we do not conceive that the dismissal by the mother of the original warrant could be considered as foreclosing the right to later assert the father's duty to furnish necessary support."

There is a distinction to be made between the release or waiver of the claims of the mother, which can validly be accomplished, and a release of the rights of the infant child which, ordinarily, should not be permitted.

There is also a distinction to be made between the act of a mother as an estoppel to a suit by her for her own benefit and a suit brought in the name of and for the benefit of the child.

Section 24–706, T.C.A., is as follows:

"*24–706 Receipts and releases.*—All receipts, releases and discharges in writ-

ing, whether of a debt of record or a contract under seal, or otherwise, shall have effect according to the intention of the parties thereto."

■ The above quoted release must be construed as meaning that, in consideration of the payment of $500.00, as between themselves and the accused father, the mother and maternal grandparents of the infant child assumed the responsibility of maintenance and support of the child. Such an agreement could not discharge the rights of the child as between the accused father and the child.

Accordingly, to the extent that this proceeding is brought by or for the benefit of the mother or maternal grandparents, it will be dismissed.

To the extent that this proceeding is brought by or for the benefit of the infant child, we hold that it is not affected by the above quoted release.

■ Assignment No. 4 asserts that it was error to hold that there was any competent credible proof that defendant ever contributed anything to the support of the child of petitioner. We concur in the finding of the Trial Judge in respect to this matter, hence, this assignment is overruled.

Assignment No. 5 charges error in failing to hold that the suit is barred by the Statute of Limitations set out in T.C.A. § 28–106, which provides that a new action may be commenced within one year after a judgment or decree is entered dismissing a suit but not concluding the right of action.

Assignment No. 6 challenges the holding of the Court as to the Statute of Limitations set out in T.C.A. § 36–224.

■ Attention is called to the fact that only the general plea of the Statute of Limitations was made in the appellant's answer and it is to be noted that, in the

Opinion of this Court hereinabove referred to (462 S.W.2d 233), this Court disposed of the plea of the Statute of Limitations in the language hereinabove quoted from that Opinion. Hence, these two assignments are overruled.

■ Assignment No. 7 challenges the holding of the Court that defendant is the father of the child. We think there is ample evidence to support the finding of the Trial Judge that defendant is the father of the child, and that, in fact, the evidence definitely preponderates in favor of his holding.

■ Assignment No. 8 complains of the admission and consideration of testimony to the effect that defendant gave any money to the petitioner after November 26, 1965. We see no merit in this assignment and it is, therefore, overruled.

We concur in the findings of fact set forth in the decree of the Trial Judge, hereinabove quoted, and agree with his conclusion wherein he overruled the motion of the defendant to dismiss plaintiff's suit at the conclusion of the evidence.

Pertinent portions of our paternity statutes are as follows:

"*36–226. Substitution of child upon death of mother.*—If after the complaint has been made, the mother dies or becomes insane or cannot be found within this state, the proceeding does not abate, but *the child may be substituted as complainant.* [Italics ours]

.    .    .    .    .    .

"*36–230. Person to whom payments made.*—The court may require the payment to be made to the mother, or to some person or corporation to be designated by the court as trustee, but if the child is or is likely to become a public charge, the state department of public welfare shall be made the trustee. The

payment shall be directed to be made to a trustee if the mother does not reside within the jurisdiction of the court. The trustee shall report to the court annually, or oftener as directed by the court, the amounts received and paid over."

Also, Section 20–1508, T.C.A., provides as follows:

"*20–1508. Amendment after judgment.*—After judgment, any defects or imperfections in matters of form may be rectified and amended by the court in which the judgment is rendered, or the court to which it shall be removed, if substantial justice requires it, and if the amendment is in affirmance of the judgment."

In accordance with the foregoing, it is deemed proper to strike the name of Donna Kaye Reynolds as petitioner herein and substitute therefor the name of Marshall Brock Reynolds, a minor, in conformity with Section 36–226, T.C.A., supra, and to affirm the judgment of paternity with the limitation that said judgment is not to inure to the financial benefit of the petitioner, Donna Kaye Reynolds, but that upon remand to the Juvenile Court, the Tennessee Department of Public Welfare be designated as Trustee to receive any support payments ordered by the Court and to disburse the same for the benefit of the infant petitioner, Marshall Brock Reynolds, with due regard for the obligation assumed by the mother and grandparents to support said child.

The case is remanded to the Juvenile Court of Giles County to be proceeded with in conformity with this Opinion.

The costs are adjudged one-half against the petitioner, Donna Kaye Reynolds, and one-half against the defendant, James Richardson.

Modified and affirmed.

PURYEAR and TODD, JJ., concur.