In the Matter of the ESTATE of Charles
Adolpho KENNEDY, Deceased.

Court of Appeals of Tennessee,
Eastern Section.

Oct. 31, 1975.

Certiorari Denied by Supreme Court
Feb. 23, 1976.

Russell G. Lazenby, Jr., Asst. Atty. Gen., Nashville, for appellant.

Clarence Kolwyck, Chattanooga, for appellee.

OPINION

McAMIS, Special Judge.

This case originated as a Probate Proceeding in the Chancery Court of Hamilton County. The sole issue is the right of Randolph Kennedy, the illegitimate son of Charles Adolpho Kennedy, deceased, to take, under the statutes of descent and distribution, the balance of the personal estate of the deceased as his only heir at law.

The Chancellor sustained the right of the petitioning son to inherit and denied the claim of the State that, there being no heirs at law capable of inheriting, the property escheated to the State. The State has appealed and assigned the following single assignment of error: "The learned Chancellor erred as a matter of law in his conclusion 'that the petition in this cause should be treated as a petition authorized in T.C.A. 36–224, (Randolph Kennedy) having standing to bring suit . . . .'"

The State does not challenge the findings of the Chancellor that Randolph Kennedy was the natural son of the deceased and supported him during his lifetime and that the deceased recognized the son always "in the community" as his son. Admittedly, the father and the mother of this son were never married and neither decedent nor the son ever took any legal steps to legitimate the relationship under the laws of the State of Tennessee.

In his first opinion the Chancellor noted that the son contended that to deny him the right to inherit on the ground of illegitimacy would be a denial of equal protection under the Fourteenth Amendment to the Constitution of the United States. The opinion does not deal with this question, however, and it has not been raised on this appeal.

After denying a petition to rehear filed by the son challenging the Chancellor's holding that he could not inherit, the Chancellor, on a subsequent petition to rehear, finally held the petition of the son should be treated as a petition authorized by T.C.A. 36–224.

That section of the Code authorizes the filing of a petition to establish the paternity of a child and to compel the father to furnish support and education for the child. Under the statute such petition may be filed by the mother or the child or, if the child is about to become a public charge, by the State Department of Public Welfare. In case of the death or disability of the mother the petition may be filed "by the child acting through a guardian or next friend." Subsection 3 of the Act confers exclusive jurisdiction upon the Juvenile

Court. This section of the Code and Section 36–234 are based upon Chapter 186, Acts of 1955 and Chapter 36, Acts of 1965.

Section 13, Chapter 186, Acts of 1955, provides that when an order of paternity and support has been entered the child "shall be a legitimate child of the defendant for the purpose of inheriting from the defendant."

In his final memorandum opinion, noting that no statute of limitations had been pleaded by the State, the Court concluded that, under *Reynolds v. Richardson*, (Tenn. App.1972), 483 S.W.2d 747, the petitioning son had standing to bring suit, since the decedent had supported him during his lifetime and had acknowledged his paternity in writing; that the son's petition in this probate proceeding should be treated as a petition under T.C.A. 36–224 and that the son should be accorded the right to inherit as expressly provided by T.C.A. 36–234, following a judgment of paternity and support.

The facts developed by the proof present a strong case for sustaining the right of this son to inherit. In addition to the facts already noted, as found by the Chancellor, the proof shows this child's birth certificate shows the decedent to be the father; the decedent took the child into his care after the mother moved away and made him the beneficiary under one or more insurance policies.

We are reluctantly driven to the conclusion, however, that this case does not fall within the ambit of T.C.A. 36–224 and T.C.A. 36–234. These Code sections contemplate a proceeding in the juvenile court filed by the mother or child or, if the child is about to become a public charge, by the State Department of Public Welfare. As the Chancellor pointed out in his original opinion, this is not a case to determine the question of paternity in order to establish the obligation of the putative father to support and educate the child. The father, now deceased, could have legitimated the child or the mother or child could have taken appropriate steps to that end. The issue now presented has nothing to do with the duty of support and education of the child, but is strictly limited to the right of inheritance, a question dealt with in the statute only as an incident of a direct proceeding against the putative father to have the question of paternity judicially established. Even under the most liberal construction of the statute which we would be inclined to allow, to hold that this proceeding can be treated as a proceeding under the statute in a court other than the juvenile court would, in our opinion, be a distortion of the whole purpose of these statutes. To do so, furthermore, would raise questions of the constitutionality of the statutes. *Young v. Willis*, 58 Tenn.App. 678, 436 S.W.2d 445.

*Reynolds v. Richardson*, (Tenn.App.1972), 483 S.W.2d 747, *supra*, is not persuasive of the result reached by the Chancellor in this case. There the mother and grandparents of the child undertook to release the putative father of all liability to the child upon payment to them of $500.00. This court, on appeal, merely held that the release was not binding on the child. Under the circumstances the release was held valid only as to the mother.

The court said:

"(I)t is deemed proper to strike the name of Donna Kay Reynolds (the mother) and substitute therefor the name of Marshall Brock Reynolds, a minor, in conformity with Section 36–226, T.C.A., supra, and to affirm the judgment of paternity with the limitation that said judgment is not to inure to the financial benefit of the petitioner Donna Kay Reynolds . . . . . ."

This holding can not be held to stand for the construction of the statutes urged upon us in this case.

Accordingly, the decree of the Chancellor is reversed and the cause remanded to the Probate Court. Costs of the lower court and of this court, in our discretion, are taxed against the fund in the hands of the Administrator.

PARROTT, P. J., and GODDARD, J., concur.