TENNESSEE DEPARTMENT OF HUMAN SERVICES, Assignee of Evangeline Edwards, Plaintiff,

v.

Charles PATTERSON, Jr., Defendant.

Supreme Court of Tennessee.

July 7, 1980.

Rehearing Denied Sept. 8, 1980.

Arch B. Boyd, III, Memphis, for plaintiff.

James E. Swearengen, Memphis, for defendant.

## OPINION

FONES, Justice.

The sole question involved on this appeal is whether, after transfer of a paternity suit to the circuit court for a jury trial on the issue of paternity, the alleged father may plead the limitation period provided in T.C.A. § 36–224(2) and the saving statute, T.C.A. § 28–106, in bar of suit.

The child of Evangeline Edwards was born February 5, 1965. The petition to establish paternity now pending was filed February 21, 1977. Two prior petitions were dismissed for failure to prosecute, the second dismissal occurring more than one year prior to the filing of the third petition.

The order of the trial court dismissing the 1977 petition recited that this case was controlled by *Young v. Willis*, 58 Tenn.App. 678, 436 S.W.2d 445 (1968). That case involved the application of both T.C.A. § 36–224(2) and T.C.A. § 28–106 to facts similar to the factual situation in the instant case. However, the adjudication of the issues of the period of limitations and the saving statute were made in the juvenile court, and the appeal was direct to the Court of Appeals pursuant to T.C.A. § 36–235, and therefore the question involved in the instant case was not an issue in *Young*.

The Court of Appeals reversed the trial court, and held that the statutory language of T.C.A. § 36–224(3) and T.C.A. § 36–227 required the conclusion that all issues other than that of paternity must be tried in the juvenile court. We disagree.

■ It is fundamental that an alleged father must be given a forum for the presentation of such defenses as the law recognizes in paternity cases. One of those defenses is the limitation period of two years provided in T.C.A. § 36–224(2), which reads in relevant part, as follows:

"(2) Proceedings to establish the paternity of the child . . . shall not be brought after the lapse of more than two (2) years from the birth of the child, unless paternity has been acknowledged by the father in writing or by the furnishing of support."

The chapter on bastardy is absolutely silent with respect to pleading or otherwise presenting defenses to a paternity action in the juvenile court.

■ The Tennessee Rules of Civil Procedure do not apply to paternity cases in the juvenile courts. *Patrick v. Dickson*, 526 S.W.2d 449 (Tenn.1975).

■ When a defendant demands a jury as he is expressly authorized to do in T.C.A. § 36–227, he is entitled as a matter of right to an order transferring the proceeding to the circuit court for a jury trial. When the order of the juvenile court transferring the case to the circuit court pursuant to T.C.A. § 36–227 is docketed in the circuit court, the case stands for trial in the circuit court and is subject to the Tennessee Rules of Civil Procedure. Rule 1, Tennessee Rules of Civil Procedure expressly provides that the rules apply to cases *transferred* to the circuit and chancery courts.

In *Reynolds v. Richardson*, 62 Tenn.App. 269, 462 S.W.2d 233 (1970), a case tried prior to the effective date of Tennessee Rules of Civil Procedure, the defendant filed a pleading in the juvenile court asserting that the petition showed upon its face that it was not brought within the two year period of limitations and also moved that the case

be transferred for a jury trial in the circuit court. On the following day the juvenile judge entered an order transferring the case to the circuit court for trial without passing on the limitations issue. It is apparent, though not articulated in the opinion, that the petitioner met defendant's defense in the circuit court with proof that defendant had furnished support for the child. The circuit judge, without intervention of a jury, sustained defendant's plea based upon his finding that the extent of the support shown was less than contemplated by the statute. The Court of Appeals reversed and remanded, holding that the issue of whether the support furnished was adequate to meet the statutory requirements should have been tried by a jury along with the issue of paternity.

■ We find no statutory requirement that a defendant must raise in the juvenile court the issue of the limitation period as a prerequisite to having it tried in the circuit court before a jury.

The Legislature amended T.C.A. § 36–227(2) by Public Acts of 1979, chapter 223. As amended the statute expressly requires that a defendant answer a paternity suit within thirty days after the entry of the order transferring the case to the circuit or chancery court and upon failure to do so, summary judgment may be taken against him, after notice to defendant or his attorney of record. The amendment became effective on the first day of July 1979, and therefore does not apply to this case. Prior to the 1979 amendment, a defendant was not required to file an answer, but we hold that a defendant could do so, subject to the Tennessee Rules of Civil Procedure. Since a defendant in a paternity suit was not required to answer, the following sentence in Rule 12.02, Tennessee Rules of Civil Procedure is relevant: "If a pleading sets forth a claim for relief to which the adverse party is not required to serve a responsive pleading, he may assert at the trial any defense in law or fact to the claim for relief."

■ It follows that Patterson had the option of answering within thirty days or

asserting the period of limitations and the saving statute at trial. It is not clear from the technical record in this case when the issue was presented, but the result is the same, the trial judge's action in dismissing the suit was proper.

The judgment of the Court of Appeals is reversed, and this suit is dismissed. Costs are adjudged against appellant.

BROCK, C. J., and COOPER, HENRY and HARBISON, JJ., concur.

## OPINION ON PETITION TO REHEAR

FONES, Justice.

The petition to rehear reargues the proposition that because T.C.A. § 36–224(3) confers original and exclusive jurisdiction upon the juvenile court a plea of the statute of limitations can only be presented in the juvenile court.

We have held in the original opinion that any implication that may arise from the language of T.C.A. § 36–224(3) is superseded by the fact that the jury trial in the circuit court is subject to the Tennessee Rules of Civil Procedure pursuant to which defendant is entitled to raise the statute of limitations in that court.

The petition to rehear is denied.

BROCK, C. J., and COOPER and HARBISON, JJ., concur.