**Bobby Leon THOMPSON (Graves), Plaintiff-Appellee,**

v.

**Allene COATES, et al., Defendants-Appellants.**

Court of Appeals of Tennessee, Middle Section.

Dec. 10, 1981.

Appeal Denied by Supreme Court Feb. 16, 1982.

Nathan Harsh, Kelly, Harsh & Kelly, Gallatin, for plaintiff-appellee.

Arthur E. McClellan, McClellan & Powers, P. C., Gallatin, for defendants-appellants.

OPINION

CANTRELL, Judge.

This case involves a question of jurisdiction of the Chancery Court to establish paternity under T.C.A. § 31–206 and questions of laches and the relevant statute of limitations for such actions.

Section 31–206 of the Tennessee Code Annotated, enacted in 1977 and amended in 1978, provides, in pertinent part, as follows:

If, for purposes of intestate succession, a relationship of parent and child must be established to determine succession by, through, or from a person,

    \*      \*      \*      \*      \*      \*

(2) In cases not covered by (1), a person born out of wedlock is a child of the mother. That person is also a child of the father, if:

    \*      \*      \*      \*      \*      \*

(b) The paternity is established by an adjudication before the death of the father or is established thereafter by clear and convincing proof, but the paternity established under this subdivision is ineffective to qualify the father or his kindred to inherit from or through the child unless the father has openly treated the child as his, and has not refused to support the child.

Prior to 1978, an illegitimate child could not inherit from his father unless the natural parents participated in a marriage ceremony or the issue of paternity had been determined pursuant to Chapter 2 of Title 36 of the Tennessee Code Annotated and a court order of paternity and support had been entered. See T.C.A. §§ 36–224, 36–234. In addition to the legislature's action in passing the above act, the Supreme Court in 1978 decided the case of *Allen v. Harvey*, 568 S.W.2d 829 (Tenn.1978), in which the Court changed the common law rule to allow a child born out of wedlock to inherit from its father in cases where paternity is established by clear and convincing proof and where rights of inheritance have not finally vested—even without a prior adjudication of paternity under T.C.A. § 36–224. Therefore, by parallel paths, one legislative

and the other judicial, the rights of illegitimate children advanced to the point where illegitimate children may inherit from their fathers if, even after the father's death, the relationship can be established by clear and convincing proof.

This action was filed in the court below on July 18, 1980 alleging that the plaintiff is the illegitimate child of John Graves, who died on October 2, 1972, and that as the only child he is entitled to inherit the real estate of John Graves. An alleged will of John Graves was probated on July 17, 1980 and is now the subject of a will contest.

It is uncontroverted that plaintiff was born to Ora V. Thompson on December 29, 1934. Ora Thompson and John Graves never married each other or anyone else. After a bench trial in the court below on February 12, 1981, the Chancellor found:

The Court is . . . confronted with the issue of whether the evidence submitted has established paternity by clear and convincing proof. The uncontradicted evidence is that when the child was born, the mother gave John Graves as the father on the birth certificate and that through a legislative act, the father's name was subsequently blocked out. The mother felt as indicated by the original birth certificate that John Graves was the father at the time of the birth. The evidence further reveals that this feeling by the mother and her family caused them to commence legal action to require the alleged father to either marry the mother or to support the illegitimate child. The paternity is further shown by the fact that the community as a whole accepted the fact that John Graves was the father and this is substantiated by his statements to at least two witnesses acknowledging the possibility that he was the father. Some weight can be given to the pictures of John Graves and the resemblance to the plaintiff.

With respect to the Chancellor's findings and conclusion that plaintiff is the illegitimate son of John Graves, we are fully in accord. The evidence in the record clearly

and convincingly shows that John Graves was the plaintiff's father.

The defendants' first issue on appeal concerns the jurisdiction of the Chancery Court to decide the issue of paternity. The appellants rely on T.C.A. § 36–224 and the case of *Matter of Estate of Kennedy*, 544 S.W.2d 365 (Tenn.App.1975). T.C.A. § 36–224 provides that original and exclusive jurisdiction is in the juvenile court for the purposes of that chapter. However, that chapter contemplates a proceeding in juvenile court to determine the question of paternity in order to establish the obligation of the putative father to support and educate the child. The petition can be brought only by the mother or her personal representative if the mother is living (or by the Department of Human Services if the child is about to become a public charge), or may be brought by the child's guardian or next friend if the mother is deceased. Such a suit under that chapter must also be brought within two years from the birth of the child unless paternity has been acknowledged by the father in writing or by the furnishing of support.

That is not the case here. This proceeding is strictly limited to the right of inheritance. Although the issue of jurisdiction was not addressed in *Allen v. Harvey*, that suit, which determined the question of paternity and the rights of illegitimates to inherit, was not brought in juvenile court. *See also Muse v. Sluder*, 600 S.W.2d 237 (Tenn.App.1980).

In *Matter of Estate of Kennedy*, the proceeding was in probate court to determine the right of an illegitimate son to take, under the statutes of descent and distribution, the balance of the personal estate of the deceased as his only heir at law. The action was brought prior to the enactment of Chapter 763 of the Public Acts of 1978 (now part of T.C.A. § 31–206). Since prior to that enactment an illegitimate child could only inherit from his father if an order of paternity and support had been entered, the Chancellor in *Kennedy* treated the child's petition in the probate proceeding as a petition authorized by T.C.A.

§ 36–224 and held that the child should be accorded the right to inherit as expressly provided by T.C.A. § 36–234, following a judgment of paternity and support. The appellate court reversed, holding that T.C.A. §§ 36–224 and 36–234 did not authorize a proceeding in a court other than juvenile court for the purpose of establishing paternity.

However, this is a proceeding under T.C.A. § 31–206 and not § 36–224. *Kennedy* is not controlling because the Legislature has provided that paternity for the purpose of intestate succession may be proved under entirely different circumstances than those contemplated in T.C.A. § 36–224.

■ Therefore, we conclude that this action was properly brought in the Chancery Court.

Defendants also contend that plaintiff's cause of action is barred by: (1) T.C.A. § 36–224(2), a two year limitation running from the birth of the child on paternity suits brought for support; (2) T.C.A. § 28–3–102, a seven year limitation on claims against an estate; (3) T.C.A. § 28–3–110, a ten year limitation on all causes of action not otherwise specified; or (4) the doctrine of laches. Under defendants' contention plaintiff's suit would have been barred: (1) December 29, 1936, two years after his birth; (2) October 2, 1979, seven years after John Graves' death; (3) December 29, 1965, ten years after plaintiff reached his majority; or (4) upon the death of key witnesses or other events which prejudiced the defendants.

■ We believe the defendants' reliance on T.C.A. § 36–224(2) is misplaced. That section reads, in part, as follows:

Proceedings to establish the paternity of the child and to compel the father to furnish support and education for the child may be instituted during the pregnancy of the mother or after the birth of the child, but shall not be brought after the lapse of more than two (2) years from the birth of the child, unless paternity has been acknowledged by the father in writing or by the furnishing of support.

It is clearly limited to actions for the support of a child during his minority. Application of this statute would effectively limit claims for a share of an estate to children for whom a court order of paternity and support had been entered. That was the law prior to the enactment of Chapter 763 of the Public Acts of 1978. To adopt T.C.A. § 36–224(2) as the applicable statute of limitations would render the 1978 statutory enactment meaningless. This period of limitation does not apply to the case at bar.

The language of T.C.A. § 28–3–102, is clearly limited to the claims of creditors against the decedent.

(a) All actions against the personal representative of decedent, *for demands against such decedent*, shall be brought within seven (7) years after his death, notwithstanding any disability existing; otherwise they will be forever barred.

(b) Nothing in this section shall be deemed to extend the time limited by §§ 30–513, 30–517 and 30–518. (Emphasis added)

■ This action is not against a personal representative of the decedent nor is it for a claim against the decedent. It is an action to establish paternity for the purpose of determining intestate succession. This statute does not apply.

■ Section 28–3–110 of Tennessee Code Annotated provides a ten year limitation on all other cases not expressly provided for in the code. The section, however, provides that the ten year limitation period shall begin to run after the cause of action accrues. Under defendants' construction of this statute the ten year period would begin to run at the birth of an illegitimate child but would be tolled during his minority. We think that that interpretation is erroneous when the remedial purposes of T.C.A. § 31–206 are kept in mind. T.C.A. § 31–206 allows, for the purpose of intestate succession, an illegitimate child to prove paternity after the death of the father. If we adopt the defendants' application of the ten year statute of limitation it would result that many claims would be barred before the father's death if the father lived ten

years past the attainment of majority by the illegitimate child. Such construction would require that the illegitimate child bring suit during the lifetime of the father in order to preserve the potential claim for a share of the estate. Where the putative father lives with the mother for an extended period of time, informally acknowledges paternity, and willingly provides support, ties of affection and a belief that the child would be provided for would prevent the child from instituting suit. If the ten year period ran before the father's death, the child would be barred from bringing suit to establish his share of the estate even though T.C.A. § 31–206 specifically allows suit to be brought after the death of the father.

In the instant case there was no cause of action prior to 1978. Therefore the ten year statute of limitation does not bar this claim.

■ Laches is an equitable doctrine which provides that unreasonable delay will bar a claim if the delay is prejudicial to the defendant. Unexcused delay in asserting his claim is an essential element of laches. *Sunderhaus v. Perel and Lowenstein*, 215 Tenn. 619, 388 S.W.2d 140 (1965). It is our conclusion that the plaintiff in this action did not unreasonably delay bringing his suit. Prior to the enactment of the statute, plaintiff had no judicially cognizable claim. If he had brought suit to attempt to establish paternity, it would have availed him nothing. Neither John Graves nor his estate owed plaintiff any obligation at all. There is nothing in the record to show any prejudice to the defendants resulting from the delay after the statute was passed until suit was brought in July of 1980. Therefore, the plaintiff's claim is not barred by the doctrine of laches.

One further issue should be addressed. Although it is not a part of T.C.A. § 31–206, the Supreme Court in *Allen v. Harvey*, held that the illegitimate child may inherit from and through his father where the rights of inheritance have not finally vested. The defendants contend that the real

property vested upon the death of John Graves. By statute, the real property of an intestate decedent vests immediately in his heirs upon his death. T.C.A. § 31–602(a). To hold, however, that real property "finally vested" immediately upon the death of the decedent would effectively bar illegitimate children from establishing paternity after the death of the father. Another factor which suggests doubt as to the final vesting of real property upon the death of a decedent is the authority given the representative of an estate to utilize the real property to discharge decedent's obligations.

Finally, a will purporting to be the last will and testament of John Graves was offered for probate on July 17, 1980 and is still being contested. The title to the real property of John Graves depends on the outcome of that will contest. Therefore the rights of inheritance from John Graves have not "finally vested."

The decision of the Chancellor is affirmed and the case is remanded to the Chancery Court of Sumner County for any further action necessary. The costs are taxed to the appellants.

AFFIRMED AND REMANDED.

LEWIS and CONNER, JJ., concur.