**TENNESSEE DEPARTMENT OF HU-
MAN SERVICES, Assignee of Sybil
G. Taylor, Plaintiff-Appellant,**

v.

**John B. SHELTON, Defendant-Appellee.**

Supreme Court of Tennessee,
at Jackson.

May 21, 1984.

William M. Leech, Jr., Atty. Gen., Susan
C. Short, Asst. Atty. Gen., Nashville, Mary
E. Walker, Memphis, for plaintiff-appellant.

John K. Byrne, Memphis, for defendant-
appellee.

## OPINION

FONES, Justice.

This is a rule 11 appeal by the Tennessee
Department of Human Services as assignee
of Sybil G. Taylor [hereinafter TDHS].
The primary issue is whether under T.C.A.
§ 36-224 TDHS can bring an action to es-
tablish paternity of an unborn child.

The paternity petition in issue was filed
by TDHS on September 2, 1979, in the
Juvenile Court of Shelby County. On Octo-
ber 12, 1979, after defendant John B. Shel-
ton denied paternity and demanded a jury
trial, the matter was transferred to the
circuit court. A jury was impaneled to try
the sole issue of whether defendant was
the father of the child which had been born
on December 19, 1979, said birth falling

between the date of the filing of the petition in the juvenile court and the trial in the circuit court. Prior to trial defendant made a motion that the case be dismissed as, he asserted, under T.C.A. § 36–224, only the prospective mother is permitted to institute such proceedings during the pregnancy, and not TDHS.

The trial judge held that TDHS was "authorized by law to bring the petition," overruled the motion to dismiss and tried the paternity issue. The defendant was found by the jury to be the child's father.

The Court of Appeals, with Judge Highers dissenting, reversed, holding that TDHS had "no standing to file the petition when it was filed in the Juvenile Court … and it should have been dismissed." The rationale employed by the intermediate appellate court was that in their view, it was the legislative intent of T.C.A. § 36–224(2) to "give only the mother the right to bring the action prior to the birth of the child."

The statute in question, T.C.A. § 36–224, reads in part as follows:

> 36–244. *Petition to establish paternity—Time of filing—Jurisdiction—Issuance of warrant.*—(1) A petition to establish paternity of a child, to change the name of the child if it is desired, and to compel the father to furnish support and education for the child in accordance with this chapter may be filed by the mother, or her personal representative, or, if the child is likely to become a public charge by the state department of human services or by any person. Said petition may be filed in the county where the mother or child resides or is found or in the county where the putative father resides or is found. The fact that the child was born outside this state shall not be a bar to filing a petition against the putative father. After the death of the mother or in case of her disability said petition may be filed by the child acting through a guardian or next friend.

> (2) Proceedings to establish the paternity of the child and to compel the father to furnish support and education for the child may be instituted during the pregnancy of the mother or after the birth of the child, but shall not be brought after the lapse of more than two (2) years from the birth of the child, unless paternity has been acknowledged by the father in writing or by the furnishing of support. Provided, however, that the department of human services or any person shall be empowered to bring a suit in behalf of any child under the age of eighteen (18) who is, or is liable to become a public charge.

■ The Legislature, by virtue of section (2) of this statute authorizes proceedings to establish the paternity of an unborn child. The section states in part "proceedings … may be instituted during the pregnancy of the mother or after the birth of the child, …." We think it the clear intent of this section to allow the filing of a petition during pregnancy by the mother or by TDHS if its standing is established by proof that a child is likely to become a public charge.

At trial it was the contention of the defendant that the unborn child was not likely to become a public charge and therefore TDHS did not have standing to bring the suit, even if the statute gave TDHS the same standing as the mother with regard to filing suit during pregnancy.

■ It is necessary, as a prerequisite, to the standing of TDHS to proceed in a paternity suit, that it prove and the court make a determination that the child is likely to become a public charge. *See Young v. Willis,* 58 Tenn.App. 678, 436 S.W.2d 445 (Tenn.App.1968).

■■ The trial judge erroneously held that that issue should have been raised in the juvenile court. In *Tennessee Department of Human Services v. Patterson,* 605 S.W.2d 541 (Tenn.1980), we held that the statute of limitations could be raised for the first time in the circuit court. In the absence of a showing that the issue had actually been tried and adjudicated on its merits in the juvenile court, the issue of the standing of TDHS may also be raised in the

circuit court, for the same reasons expressed in *Patterson*.

However, we find that the erroneous refusal to hear defendant on that issue was harmless, because the proof in the record establishes conclusively that the child was likely to become a public charge. Interrogatories propounded to Sybil Taylor and filed in the cause before trial reveal that she was paid welfare at the rate of ninety-seven dollars per month, beginning in June 1979 (six months prior to the child's birth and three months prior to the date suit was filed) and that payments were still being made as of October 14, 1980, the date of the interrogatories, at which time the child was ten months old. The basis of the welfare payments was "dependent child." That proof, in our opinion, established that the child was in fact a public charge after birth, and that prior to birth and before suit was filed, was *likely* to become a public charge. That proof was taken and filed in the clerk's office almost two years prior to trial. Defendant did not make any offer of proof in the circuit court or even indicate that the mother had not in fact received the welfare payments for the purpose stated.

Therefore, on this record we are entitled to assume that defendant had no proof to controvert the testimony of the mother that she had been receiving welfare payments because she was carrying a child and continued to receive welfare payments after birth because of the child. Those uncontroverted facts conclusively established the standing of TDHS to bring this suit.

The judgment of the Court of Appeals is reversed and the decree of the trial court approving the jury verdict finding defendant to be the father is reinstated and affirmed. This cause is remanded to the Circuit Court of Shelby County for the enforcement of the mandate. Costs are assessed against defendant.

COOPER, C.J., BROCK and HARBISON, JJ., and TATUM, Special Justice, concur.